E. GRADY JOLLY, Circuit Judge,
concurring:
Although Judge Dennis’s special concurrence makes the case for one side of the controversy, the Supreme Court has never decided whether there is a Sixth-Amendment right to having counsel effectively inform a defendant of the consequences of not entering an open guilty plea — i.e.,. cases where the defendant pleads guilty in the absence of a plea offer from the government. It is an open question. See, e.g., Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012) (discussing communication of the terms of a formal plea offer); Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 1387, 182 L.Ed.2d 398 (2012) (noting that Frye Court was not discussing scenarios where “no plea offer is made”). If this issue comes before the Court at a future time, the Court might find it helpful to consider both sides of the question, after counseled briefing and argument, and not necessarily *278 rely on Judge Dennis’s special concurrence.